IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LA'TOSHA BAXTER o/b/o/ ) | |
| LA'TESHA DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv424-T |
| ) | (WO) |
| JO ANNE B. BARNHART ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff La'Tosha Baxter filed this lawsuit on behalf of her daughter, La'Tesha, to review a final judgment by Defendant Jo Anne Barnhart, Commissioner of Social Security, in which she determined that La'Tesha is not "disabled" and therefore, not entitled to supplemental security income benefits. Her application was denied at the initial administrative level. Baxter then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. On February 25, 2005, the Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

On May 6, 2005, Baxter filed a complaint in this court challenging the Commissioner's decision. (Doc. # 1.) On August 19, 2005, the defendant filed a motion to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

dismiss, asserting that Baxter's complaint was not timely filed. (Doc. # 8.)  On September 6, 2005, Baxter filed a response and attached evidentiary materials to support her argument that her complaint was timely filed.  (Doc. # 11.)

Now pending before the court is the defendant's motion to dismiss.  (Doc. # 8.) Upon review of the defendant's motion, Baxter's response, the briefs in support of and in opposition to the motion to dismiss and the attached evidentiary materials, the court concludes that the defendant's motion to dismiss is due to be denied.[2]

The Commissioner argues that this case is due to be dismissed because Baxter failed to file her complaint within 60 days after the date she presumably received notice from the Appeals Council that her request for review of the administrative law judge's decision was denied.  In support of her position, the defendant relies on the Appeals Council's denial of Baxter's request for review dated February 25, 2005.  In that letter, the Appeals Council advised Baxter to file her complaint in this court within sixty days from the date of her receipt of the letter.  The Commissioner informed Baxter that she would assume that Baxter "received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  (Attach. to Doc. # 9, Def's Ex. # 2.)   The Commissioner specifically contends that this court should presume that Baxter received the Appeals Council's notice five days after February 25, 2005, and that, therefore, Baxter should have filed her complaint on or before April 25, 2005.

In her response, Baxter argues that she did not receive notice of the Appeals Council's

---

[2] The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).

decision within five days of February 25, 2005 because she moved to an new apartment on February 18, 2005. She provided a copy of her tenant profile which demonstrates that she picked up the keys to her new apartment on February 18, 2005. Consequently, she argues that because she did not receive the initial notice from the Appeals Council, she was not required to file her lawsuit within 60 days of February 25, 2005. She contends that because she filed this action within 60 days of her receipt of the notice from the Appeals Council at her new address, her complaint was timely filed.

>Title 42 U.S.C. § 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the *mailing* to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

(Emphasis added.)

Although the letter from the Appeals Council is dated February 25, 2005, the undisputed evidentiary materials demonstrate that the Council's notice of decision was *mailed* to Baxter *at the incorrect address*. (Attach. to Doc. # 9, Ex. 1). Moreover, the regulations governing the Social Security Administration provide in pertinent part as follows:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council *is received by the individual*, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the

contrary.

20 C.F.R. § 422.210 (emphasis added).

The Commissioner does not dispute that the Appeals Council's notice was sent to the incorrect address. Consequently, the court cannot say that the plaintiff is unable to make a reasonable showing that she did not receive the notice within the five day period after February 25, 2005. Because the court cannot, at this stage, conclude that the plaintiff can prove no set of facts that would entitle her to relief, the Commissioner's motion to dismiss is due to be denied.

Accordingly, it is the Recommendation of the Magistrate Judge that the defendant's motion to dismiss (doc. # 8) be denied and that the matter be referred back to the undersigned for further appropriate proceedings. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **OCTOBER 11, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26TH day of September, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE